UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RODDY MONCEAUX** | **CIVIL ACTION** |
| **VERSUS** | **NO: 05-2634** |
| **BAYOU FLEET, INC.** | **SECTION: "F" (4)** |

### ORDER

Before the Court is **Plaintiff's Motion to Compel Discovery (doc. # 6)** filed by the plaintiff, Roddy Monceaux, seeking an order from this Court compelling the defendant Bayou Fleet ("Bayou") to produce his statement taken after he suffered an accident. Bayou filed an opposition motion and seeks a protective order requiring that Monceaux give his deposition before it produces his statement.

### I. Background

Monceaux filed a complaint on June 27, 2005 alleging that while a seaman aboard the M/V Bayou Piquant, he suffered injuries to his right hand and finger on October 22, 2004 resulting in the amputation of his ring finger at the distal interphalanageal joint. He further alleges that the accident resulted from the negligence of Bayou Fleet, the owner of the Bayou Piquant. Bayou Fleet answered, denying liability.

Monceaux thereafter propounded a set of requests for production of documents on Bayou seeking, among other things, copies of any statements taken after the accident. On January 4, 2006,

Bayou responded by indicating that Bill Johnson, of American Claim Services, Inc., took a statement from Monceaux the day of the accident. However in response to the request for production of documents it objected on the grounds that Monceaux's statement is privileged and/or prepared in anticipation of litigation. (*See* Pl. Ex. A at 8).

Monceaux then filed the subject motion seeking to compel the production of his statement taken the day of the accident. Monceaux also seeks this statement prior to his deposition that was originally scheduled for November 28, 2005. The parties could not agree on this issue, and Monceaux cancelled the deposition pending resolution of the subject motion.

Monceaux contends Rule 26(b)(3) provides that he is entitled to his statement before his deposition because he requested the statement prior to his deposition and there is no reason for the Court to regulate the timing of production. He further contends that the work product doctrine and the attorney client privilege doctrine are not applicable.

Bayou waives its earlier objection of attorney client privilege and work product privilege but contends that the statement should not be produced before Monceaux's deposition because the accident was unwitnessed. He therefore seeks protection from the Court regarding the timing of the production citing *In re L.L.P & D. Marine*. *See* CIV.A.97-1668, 1998 WL 113937 (E.D.La. March 11, 1998).

## II.  Standard of Review

Federal Rule of Civil Procedure Rule 26(d) provides that there is no priority rule for the sequence of discovery. Instead, Rule 26(d) provides that "methods of discovery may be used in any sequence and the fact that a party is conducting discovery . . . shall not operate to delay any other party's discovery. FED. R. CIV. P. 26(d). The comment to section D indicates that the principal

2

effect of this section is "to eliminate any fixed priority in the sequence of discovery."

Under Federal Rule of Civil Procedure 26(b), "a party may obtain without the required showing a statement concerning the action or its subject matter previously made by that party." FED. R. CIV. P. 26(b)(3).  It is clear "that both parties and non-parties are entitled to secure production of any statements they have given without any special showing." *Scott v. Litton Avondale Industries*, 2003 WL 1913976 (E.D. La. April 16, 2003) (citing *Sims v. Lafayette Parish School Board*, 140 F.R.D. 338 (W.D. La. 1992)).  Further, the rule makes "a party's statement 'discoverable as of right.'"  *Miles v. M/V Mississippi Queen*, 753 F.2d 1349, 1351 (5th Cir. 1985).

The Court notes, however, that the comments to section B of Rule 26 and some courts have concluded that that "[i]n appropriate cases the court may order a party to be deposed before his statement is produced." *See e.g., In re L.L.P. & D.*, 1998 WL 113937 at *1 (delaying a statement's production until the deposition because of the strong interest in maintaining the integrity of the statement).

Courts have noted that such protective orders may be issued only when the moving party makes "a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *Baggs v. Highland Towing, L.L.C.*, CIV.A. 99-1318, 1999 WL 539459, at *2 (E.D. La. July 22, 1999) (citing *In re Terra Int'l*, 134 F.3d 302, 306 (5th Cir.1998)).  Further, "both the Advisory Committee Notes and the Fifth Circuit anticipate a showing of good cause before a court may delay production of a statement." *Sims*, 140 F.R.D. at 339.  Accordingly, the burden is on Bayou to provide particular reasons for seeking the deposition prior to their production of the statement.

**III.    Analysis**

Monceaux cites to several cases that required the production of a statement prior to the deposition. In these cases, the courts refused to delay the production of the statement noting that (1) the suggestion of entitlement to the unrefreshed testimony was insufficient; (2) that the plaintiff did not report the accident immediately after the accident was insufficient; and (3) preserving a statement for solely impeachment purposes was insufficient. *See Baggs*, 1999 WL 539459 at *3 (*citing Terra*, 134 F.3d at 306); *Flowers v. Pride Offshore, Inc.*,CIV.A.03-3527, 2004 WL 719197 at *1 (E.D.La. April 2, 2004); *Scott v. Litton Avondale Industries*, No.CIV.A.01-3334, 2003 WL 113976 (E.D.La. April 16, 2003); and *Cosse v. Albert and Judy, Inc.*, CIV.A. 94-2275 (E.D.La. Oct. 27, 1994) at*1 (citing *Sims*, 140 F.R.D. 338-339).

Bayou attempts to distinguish *Flowers*, *Baggs, Scott*, and *Cosse* from this case and suggests that in *Flowers* and *Baggs*, the plaintiffs responded to some form of discovery prior to the deposition. However, neither the *Baggs* Court nor the *Flowers* Court made any mention that its reasoning was based on plaintiff's responses to discovery.

The only reason that Bayou presents as a basis for its request is that the accident is an unwitnessed accident, suggesting that this fact alone is sufficient for the Court to regulate the statement's production in accordance with its suggested timetable. Bayou suggests that even if the production of Monceaux's statement is delayed, he would not be harmed by the delay. He contends that Monceaux could explain away any inconsistencies in his statement by suggesting that they occurred as a result of his emotional state just shortly after the accident relying upon *L.L.P. & D.*

However, "[t]o conclude that a witness would lie because his accidents were unwitnessed or would testify truthfully only because of the threat that his prior statements might contradict him is simply stereotyping." *Vinet v. F & L Marine Managment* CIV.A.04-594, 2004 WL 3312007

4

(E.D.La. April 29, 2004).  Further, the Court notes that there is no "emotional state" exception to the requirements of Rule 26.

Accordingly, simply alleging that an accident was unwitnessed does not, in itself, provide the good cause necessary for this Court to enter a protective order and modify the timing of discovery.  The Court is of the opinion that Bayou should be required to produce the statement in advance of the deposition as the simple fact that the accident is unwitnessed does not constitute good cause within the meaning of Federal Rule of Civil Procedure 26.

Accordingly,

**IT IS ORDERED** that **Plaintiff's Motion to Compel Discovery (doc. # 6)** is **GRANTED** and the defendant's **Request for Protective Order (doc. #7)** is **DENIED**.

New Orleans, Louisiana, this __5th__ day of May 2006

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**